IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JACQUELINE M. FOSTER                                                    PLAINTIFF

vs.                                  Civil No. 6:18-cv-06132

ANDREW M. SAUL                                                         DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Jacqueline M. Foster ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"),

and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan

O. Hickey referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.      **Background:**

Plaintiff protectively filed her disability applications on September 8, 2015.  (Tr. 37).  In

these applications, Plaintiff alleges being disabled due to chronic back pain, knee problems,

diabetes, irritable bowel syndrome, and depression.  (Tr. 291).  Plaintiff alleges an onset date of

September 3, 2014.   (Tr. 37).   Her applications were denied initially and again upon

reconsideration.  (Tr. 87-185).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (Tr. 56-86).  Plaintiff's hearing was held on November 30, 2017 in Little Rock, Arkansas.  *Id.*  At this hearing, Plaintiff was present and was represented by counsel.  *Id.* Plaintiff and Vocational Expert ("VE") Stefanie A. Ford testified at this hearing.  *Id.*

On February 14, 2018, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications.  (Tr. 34-55).  The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2018.  (Tr. 40, Finding 1).  The ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2018.  (Tr. 40, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 3, 2014, her alleged onset date.  (Tr. 40, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease; osteoarthritis of the left knee; major depressive disorder; and posttraumatic stress disorder (PTSD).  (Tr. 40-41, Finding 3).  The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 41-43, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 43-47, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with occasional stooping, kneeling, crouching, and crawling. The claimant can occasionally climb stairs. The claimant can perform work where interpersonal contact is only incidental to the work

performed; the complexity of tasks is learned by rote with few variables and little judgment; and the supervision required is simple, direct, and concrete.

(Tr. 43-47, Finding 5).

The ALJ determined Plaintiff was forty-five (45) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008) and 20 C.F.R. § 416.964(c) (2008), on her alleged disability onset date.  (Tr. 46, Finding 7).  The ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 48, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW.  (Tr. 47-48, Finding 6).  The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 48-49, Fining 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform work as a document preparer (sedentary, unskilled) with 46,000 such jobs in the national economy and tube operator (sedentary, unskilled) with 3,100 such jobs in the national economy.  *Id.*  In accordance with this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 3, 2014 through the date of his decision or through February 14, 2018.  (Tr. 49, Finding 11).

Plaintiff sought review with the Appeals Council.  (Tr. 1-7).  On October 22, 2018, the Appeals Council denied this request for review.  *Id.*  On December 21, 2018, Plaintiff filed a Complaint in this case.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.

## 2.    __Applicable Law:__

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3.   **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 11 at 1-20. Specifically, Plaintiff raises four arguments for reversal: (1) the ALJ erred by failing to fully and fairly develop the record; (2) the ALJ erred at Step Two of the Analysis; (3) the ALJ erred in assessing her credibility; and (4) the ALJ erred in assessing her RFC. *Id.* Upon review, the Court finds the ALJ has not a supplied a sufficient basis for discounting Plaintiff's subjective complaints. Thus, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your

are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination almost entirely upon the fact Plaintiff's subjective complaints were not supported by her medical records. (Tr. 43-47). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. *Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence* (SSR 16-3p).

(Tr. 46) (emphasis added).

Furthermore, in his opinion, the ALJ stated his findings regarding Plaintiff's subjective complaints were "supported by physical and mental status examination findings, imaging of the claimant's lumbar spine and left knee, and the claimant's *wide range of activities of daily living as discussed above*." (Tr. 47) (emphasis added). The ALJ, however, did not explain which "wide range of activities of daily living" support the ALJ's assessment of Plaintiff's credibility. Indeed, based upon the ALJ's opinion, it appears Plaintiff's activities were very limited: "The claimant testified she has back pain and can stand for about 15 minutes. Further, she testified she has pain in the hips, arms, and hands. The claimant further testified she has pain with sitting. The claimant testified she wakes up every morning with pain all over. The claimant testified she takes

oxycodone three times per day, which makes her drowsy. . . ." (Tr. 46).  Such daily activities certainly cannot be characterized as a "wide range."

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon her medical records.  *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 2nd day of December 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE